THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| R. WAYNE KLEIN, as Receiver,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD JAMESON, an individual; and NORTH STAR TAX SERVICES, LLC, a Utah limited liability company,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ALLOWING CASE TO REMAIN OPEN**<br><br>Case No. 2:19-cv-00822-DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

## BACKGROUND

Based on a stipulated motion,[1] this case was stayed on December 9, 2021.[2] The parties were ordered to file a joint status report every three months starting March 7, 2022.[3] They filed said reports respectively on March 7, 2022,[4] June 10, 2022,[5] and October 21, 2022.[6] The latter two reports noted that Defendant Richard Jameson died on May 30, 2022. No formal document was filed notifying of his passing. No subsequent status reports have been filed.

A video status conference took place March 22, 2023, to decide whether the case should proceed in light of Federal Rule of Civil Procedure 25(a). Supplemental briefing from both

---

[1] Stipulated Motion to Stay, docket no. 20, filed Dec. 3, 2021.

[2] Order Granting Motion for Stay, docket no. 21, filed Dec. 9, 2021.

[3] *Id*. at 1.

[4] Joint Status Report on Parties Stipulated Motion to Stay, docket no. 23, filed March 7, 2022.

[5] Joint Status Report on Parties Stipulated Motion to Stay ("June Status Report"), docket no. 24, filed June 10, 2022.

[6] Joint Status Report on Parties Stipulated Motion to Stay ("October Status Report"), docket no. 27, filed Oct. 21, 2022.

parties was received.[7] The court was concerned that the fact of Mr. Jameson's death was on the record and no motion to substitute parties had been made. The case will remain open.

## DISCUSSION

*A. No Statement Noting the Death Has Been Filed*

Federal Rule of Civil Procedure 25(a)(1) states that

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.[8]

Defendants argue that "Docket entries 24 and 27"—the status reports from June and October 2022 respectively—qualify as the "statement noting the death," and that "both Plaintiff and this Court were expressly notified of Defendant Jameson's death."[9] During the March 22 hearing, defense counsel argued that "notice was given to counsel" of the death "[s]o [he didn't] think a formal notice was necessary."[10] Defendants claim that "Rule 25 does not designate any specific caption title that is required" and "Rule 25 uses the very generic term 'statement noting death.'"[11] Defendants conclude that the two status reports are sufficient "[b]ecause Rule 25 does not require any specific formalized document to comply with the notice requirements."[12]

However, "case law has been generated to determine what constitutes a suggestion of death sufficient to trigger that 90–day period."[13] The Tenth Circuit stated that "[t]he running of

---

[7] Defendants' Brief on Fed. R. Civ. P. 25, docket no. 32, filed March 31, 2023; Receiver's Brief Regarding the Application of Rule 25, docket no. 33, filed March 31, 2023.

[8] Fed. R. Civ. P. 25.

[9] Defendants' Brief 4.

[10] See Minute Entry for Proceedings Held Before District Judge David Nuffer, docket no. 31, filed March 22, 2023.

[11] Defendants' Brief 4.

[12] *Id*.

[13] 105 A.L.R. Fed. 816 (Originally published in 1991).

the ninety-day limitations period under Rule 25(a)(1) is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death."[14] Defendants did not file a death certificate, medical report, affidavit, or any formal document in the case certifying that Mr. Jameson had passed away. The status reports mentioning Mr. Jameson's passing say that "he died on Memorial Day"[15] and that "the parties notified the Court that Defendant Richard Jameson died on May 30, 2022."[16] But "[m]ere reference to a party's death in court proceedings or pleadings is not sufficient to trigger the limitations period for filing a motion for substitution."[17] Therefore, the statements about Mr. Jameson's death contained in the two status reports are insufficient for Rule 25(a)(1).

B. *Service was not Proper*

Even if the joint pleadings were sufficient, they were not properly served. "A statement noting death must be served" "on the parties as provided in Rule 5 and on nonparties as provided in Rule 4."[18] The status reports were served on the parties via electronic filing,[19] satisfying Rule 5(b)(2)(E). However, they were not served in accordance with Rule 4(c) on the nonparties. This would include the representative of Mr. Jameson's estate. In the status hearing March 22 Defendants stated no estate proceeding has been commenced. Since then, "the Receiver has filed an action [in state court] to appoint a personal representative" to Mr. Jameson's estate.[20]

---

[14] *Grandbouche v. Lovell*, 913 F.2d 835, 836 (10th Cir. 1990).

[15] June Status Report 2.

[16] October Status Report 1.

[17] *Grandbouche*, 913 F.2d at 836–37.

[18] Fed. R. Civ. P. 25(a)(3).

[19] June Status Report 3; October Status Report 3.

[20] Receiver's Brief ¶ 9.

Defendants claim they satisfied the service requirements of DUCiv R 5-1.[21] However, "the service required by Rule 25(a)(1) on nonparties, specifically the successors or representatives of the deceased party's estate, must be service pursuant to Fed.R.Civ.P. 4."[22] The Fourth Circuit held "that service on decedent's counsel alone was inadequate to commence running of the 90-day substitution period allowed by Fed.R.Civ.P. 25(a)(1)."[23] Even if the status reports referencing Mr. Jameson's death were a sufficient statement noting his death, they were not served on his successors or representatives of his estate as required by Rule 25(a)(1).

## ORDER

IT IS HEREBY ORDERED that this action remains OPEN.

Signed April 6, 2023.

BY THE COURT

David Nuffer
United States District Judge

---

[21] Defendants' Brief 5.
[22] *Grandbouche*, 913 F.2d at 837.
[23] *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir. 1985).