THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| R. WAYNE KLEIN, as Receiver,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>RICHARD JAMESON and NORTH STAR TAX SERVICES, LLC,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DETERMINE FULFILLMENT OF SETTLEMENT CONDITION**<br><br>Case No. 2:19-cv-00822-DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

The court-appointed Receiver, R. Wayne Klein ("Receiver"), has filed a Motion to Determine Fulfillment of Settlement Condition ("Motion"),[1] which seeks a determination that the condition fulfillment contained in the parties' Conditional Settlement Agreement and Release ("Conditional Settlement Agreement") has occurred. The Conditional Settlement Agreement[2] provides that if Richard Jameson and North Star Tax Services, LLC (collectively "Defendants") did not prevail on their claims in a related lawsuit filed in the United States Court of Federal Claims, they must pay $16,00 to the Receiver. In the instant motion, the Receiver argues that Defendants did not prevail on their claims in the related lawsuit and therefore must pay $16,000 to the Receiver.[3] Defendants disagree, arguing that such a conclusion is premature.[4] For the

---

[1] Docket no. 35.

[2] Docket no. 35-1.

[3] Docket no. 35

[4] Docket no. 37.

reasons discussed below, the court grants the Receiver's Motion and directs Defendants to pay $16,000 to the Receiver.

## BACKGROUND

On November 30, 2021, the Receiver and Defendants entered into the Conditional Settlement Agreement.[5] Mr. Jameson had filed a lawsuit against the United States in the Court of Federal Claims (the "Claims Court Case"), and he believed that the Claims Court Case and instant action involved the same underlying issues.[6] The Amended Complaint in the Claims Court Case demanded that the Internal Revenue Service return $134,791.60 to Mr. Jameson because, he maintained, the tax-preparer penalty had been improperly and illegally assessed against him.[7]

The obligations of the parties under the Conditional Settlement Agreement were conditioned on the outcome of the Claims Court case.[8] Specifically, Defendants agreed to pay $16,000 to the Receiver "in the event that Jameson does not completely prevail in his lawsuit against the United States in the Claims Court Case (the "Condition Fulfillment").[9]

The instant case was stayed on December 9, 2021, while Mr. Jameson pursued his Claims Court Case.[10] Mr. Jameson unexpectedly passed away on May 30, 2022.[11] On September 15, 2022, the United States filed a Suggestion of Death in the Claims Court Case pursuant to Rule

---

[5] Docket no. 35 at 2.

[6] *Id.*

[7] Docket no. 10 at 7, United States Court of Federal Claims, Case No. 1:20-cv-01746-LAS.

[8] Docket no. 35-1.

[9] *Id.*

[10] Docket no. 21.

[11] Docket no. 37 at 3.

25(A)(1) of the Rules of the Court of Federal Claims.[12] On September 21, 2022, Mr. Jameson's counsel filed a Notice of Stipulated Dismissal Without Prejudice under FCL CT Rule 41(a)(1)(A)(ii), and the Claims Court dismissed the case without prejudice.[13]

On October 21, 2022, in the instant case, the parties filed a Joint Status Report on Parties' Stipulated Motion for Stay. The status report stated:

> In the last status report, the parties notified the Court that defendant Richard Jameson died on May 30, 2022. The Receiver recently discovered that Jameson's Federal Claims Court case was dismissed without prejudice as a result of Mr. Jameson's death on September 21, 2022. Under the settlement agreement between the parties, Jameson agreed to pay $16,000.00 to the Receiver if he did not completely prevail in his lawsuit in the Federal Claims Court. The Estate of Mr. Jameson asserts it has 1 year to bring the suit again, and as such does not believe that the suit has been resolved as of the present date.
>
> Due to the dismissal of the Federal Claims lawsuit, the Receiver will file a motion to approve the settlement agreement, which if done will be opposed by the Estate.[14]

On November 15, 2022, the Receiver filed his Sixteenth Motion for Approval to Consummate Settlements ("Motion for Approval"), which included Jameson's Conditional Settlement Agreement.[15] No party opposed the Receiver's Motion for Approval, and the court approved the Conditional Settlement Agreement with Defendants on January 26, 2023.[16]

## DISCUSSION

In the Conditional Settlmeent Agreement, Defendants agreed to pay the Receiver $16,000 "in the event that Jameson does not completely prevail in his lawsuit against the United States in

---

[12] Docket no. 24, United States Court of Federal Claims, Case No. 1:20-cv-01746-LAS.

[13] Docket no. 25, United States Court of Federal Claims, Case No. 1:20-cv-01746-LAS.

[14] Docket no. 27 at 2-3.

[15] Docket no. 35 at 3; *see also* docket No. 1232, Case No. 2:15-cv-00828-DN.

[16] Docket no. 35 at 3; *see also* docket No. 1243, Case No. 2:15-cv-00828-DN.

the Claims Court Case."[17] Amont other arguments, the Receiver contends that because the Claims Court dismissed Mr. Jameson's case after he passed away, the condition has been fulfilled, and Defendants must pay $16,000 to the Receiver.[18] Defendants, on the other hand, argue that under the Utah Savings Statute,[19] they have one year to refile the Claims Court Case.[20] Under the Utah Savings Statute:

> If any action is timely filed and the judgment for the plaintiff is reversed, or if the plaintiff fails in the action or upon a cause of action otherwise than upon the merits, and the time limited either by law or contract for commencing the action has expired, the plaintiff, **or if he dies and the cause of action survives, his representatives, may commence a new action within one year after the reversal or failure**.[21]

(emphasis added by Defendants) (citing Utah Code Ann. § 78-2-11 (West)). Accordingly, Defendants argue that they may refile the Claims Court Case by September 22, 2023, and because there has been no final resolution of the Claims Court Case, it would be premature to demand payment of the settlement amount.[22]

But the Utah Savings Sute does not apply to cases involving a federal question, such as the tax-penalty claims asserted in the Claims Court Case. "[T]he Utah savings statute does not apply to claims arising under federal statutes containing limitations provisions." *Domai v. Am. Express Travel Related Servs.*, No. 2:15-CV-542-CW-PMW, 2016 WL 6091178 (D. Utah Sept. 9, 2016), *report and recommendation adopted as modified,* No. 2:15-CV-542-CW-PMW, 2016

---

[17] Docket no. 35-1.

[18] Docket no. 35 & 37.

[19] Utah Code Ann. § 78B-2-11.

[20] Docket No. 37 at 8-9.

[21] *Id*. (emphasis provided by Defendants).

[22] *Id*. at 9. Based on a search of the Federal Court of Claims' electronic filing system, it does not appear that Defendants refiled the case.

WL 6090845 (D. Utah Oct. 18, 2016), * 3 (D. Utah Sept. 9, 2016) (citing *Holmberg v. Armbrecht*, 327 U.S. 392, 395 (1946); *see also Wright v. United States*, 46 F.3d 1153, (10th Cir. 1995) (state savings statute does not apply to federal claims); *Beck v. Caterpillar Inc.*, 50 F.3d 405, 407 (7th Cir. 1995) ("The law is clear. Where . . . the plaintiff voluntarily dismisses a lawsuit which was brought in federal court, asserts a purely federal claim, and is subject to a federal statute of limitations, state savings statutes do not apply."); *Williams v. U.S. Postal Service*, 834 F. Supp. 350, 351 (W.D. Okl.1993), *aff'd*, 35 F.3d 575 (10th Cir.1994) (state savings statute inapplicable to hybrid § 301 action under Labor Management Relations Act).

Defendants presumably could have refiled the Claims Court Case if the statute of limitations on their claim had not yet expired, but they make no such argument. Moreover, Form 6118, Claim for Refund of Tax Return Preparer and Promoter Penalties, which Mr. Jameson filed as an Exhibit in the Claims Court Case, states that the statute of limitations is three years from the date the penalty was paid in full.[23] The Amended Complaint states that the penalties were paid July 2018 – April 2019.[24] Thus, Defendants' Claims Court Case could not be refiled after April 2022—three years after Mr. Jameson paid the last penalty. Because the case was dismissed on September 21, 2022, the limitations period had already expired. Because the Utah Savings Statute does not extend the time in which they can refile the Claims Court Case, Defendants cannot refile and therefore cannot prevail in the Claims Court Case. The condition in the Settlement Agreement has been fulfilled, and Defendants must pay $16,000 to the Receiver.

---

[23] Docket No. 10-5, Exhibit E, Forms 6118, United States Court of Federal Claims, Case No. 1:20-cv-01746-LAS.

[24] Docket No. 10, ¶ 51, United States Court of Federal Claims, Case No. 1:20-cv-01746-LAS

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Determine Fulfillment of Settlement Condition is GRANTED. Because Defendants did not completely prevail in the Claims Court Case against the United States, Defendants must pay $16,000 to the Receiver.

IT IS FURTHER ORDERED that the parties must meet, confer, and file a status report on or before December 20, 2023.

Signed November 20, 2023.

BY THE COURT

_____
David Nuffer
United States District Judge